```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     |
BEAUTIFUL JEWELLERS PRIVATE LIMITED, |
                                     |
              Plaintiff,             |
                                     |        06 Civ. 3085 (KMW)
         -against-                   |
                                     |        OPINION AND ORDER
TIFFANY & CO.,                       |
                                     |
              Defendant.             |
                                     |
-------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Plaintiff Beautiful Jewellers Private Limited ("BJP") brought this action against Defendant Tiffany & Co. ("Tiffany") on April 21, 2006, for breach of contract, breach of fiduciary duty, unfair competition, deceptive practices, unjust enrichment, promissory estoppel, and an accounting.  Tiffany has now moved to dismiss all counts of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief can be granted.  For the reasons stated below, the motion is granted in part and denied in part.


**BACKGROUND**[1]

BJP is an Indian corporation headquartered in Mumbai. (Compl. ¶ 1.)  In 1996, BJP entered into an agreement with

---

[1] The facts alleged in this section, which are all drawn from the Complaint, must be taken as true for purposes of the motion to dismiss.

1

Tiffany, a Delaware corporation whose principal place of business is New York, whereby BJP would be the exclusive distributor and retailer of Tiffany products in India.  (<u>Id.</u> ¶¶ 2, 5.)  The agreement was to last as long as Tiffany sold its products in India.  (<u>Id.</u> ¶ 5.)  Under the agreement, Tiffany sent personnel to India to construct a branded Tiffany outlet within BJP's Mumbai jewelry store.  (<u>Id.</u> ¶ 6.)  BJP spent more than $1 million on merchandise, advertising, media coverage, and New York staff training, but Tiffany retained control over marketing, product presentation, store layout, and other creative and financial aspects of the distributorship.  (<u>Id.</u> ¶¶ 7-8.)

In 2002, Tiffany asked BJP to set up a stand-alone Tiffany boutique in Mumbai.  (<u>Id.</u> ¶ 10.)  BJP spent a substantial sum preparing the boutique in conformity with Tiffany specifications, including the cost of a four-year retail lease with a Mumbai hotel, the Oberoi.  (<u>Id.</u> ¶¶ 10-12.)

Beginning in early 2004, Tiffany began to refuse to meet all BJP's orders for the region or provide enough goods to satisfy orders, which caused BJP monetary damages as well as damage to its reputation and goodwill.  (<u>Id.</u> ¶ 13.)  Then, on March 9, 2005, Tiffany informed BJP in writing that it was terminating the distribution relationship.  (<u>Id.</u> ¶ 14.)  BJP believes that Tiffany is now selling products in India through a competing distributor.  (<u>Id.</u> ¶ 15.)

**DISCUSSION**

**I.   Standard for a Motion to Dismiss**

A defendant may move to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.  In weighing a motion to dismiss, the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  "A complaint may not be dismissed under the Rule unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief."  Id. at 250 (internal quotation marks omitted).

**II.  What Documents May Be Considered**

In support of its motion, Tiffany has submitted copies of various faxes and e-mails between the parties.  (See Reply Aff. of Ewa Zalewska, Ex. A-C.)  These exhibits were not included with the Complaint, and they are not documents on which BJP "solely relies and which [are] integral to the complaint."  Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).  As a result, unless the Court excludes them at this stage, it must convert the motion to one requesting summary judgment and delay consideration of the motion until both sides have a reasonable opportunity to present pertinent evidence.  Fed. R.

3

Civ. P. 12(b).  Conversion is inappropriate at this stage, because no discovery has yet occurred.  See 2 James Wm. Moore, Moore's Federal Practice § 12.34[3][a] (3d ed. 2006) (noting "limited utility" of conversion where discovery may be required). The Court therefore will not consider these materials in deciding the motion.

      Tiffany also submits copies of a "plaint" (i.e., a complaint) against Tiffany filed by BJP in the Bombay City Civil Court at Bombay (the "India action") and of two orders of the City Civil Court in that action, dated June 30, 2005 and June 13, 2006, respectively.  (See Aff. of Jeffrey A. Mitchell, Ex. B-D.) In ruling on a motion to dismiss, the Court may consider any matter of which judicial notice may be taken.  Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).  "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (internal quotation marks omitted).

## III. Motion to Dismiss Individual Counts

### A.    Breach of Contract

Count One of the Complaint alleges that Tiffany's termination of its distributorship agreement with BJP constituted

breach of contract.  None of Tiffany's arguments to dismiss Count One is meritorious.

1.   Statute of Frauds

Tiffany first argues that because the alleged agreement was not in writing, it falls afoul of the Statute of Frauds.

As an initial matter, the parties disagree about whether the alleged agreement is governed by Section 5-701(a)(1) of the New York General Obligations Law ("GOL"), Section 2-201 of the New York Uniform Commercial Code ("UCC"), or both.[2]  GOL § 5-701(a)(1) voids unwritten contracts incapable of performance within one year of their making or before the end of a lifetime.[3] To escape the operation of the statute, courts require a writing containing every essential term of the agreement.  Kobre v. Instrument Sys. Corp., 387 N.Y.S.2d 617, 618-19 (App. Div. 1976). UCC § 2-201 bars the enforcement of any contract for the sale of goods worth $500 or more "unless there is some writing sufficient

---

[2] Both parties have briefed the motion to dismiss with reference to New York law.  The Court assumes without deciding that New York law governs this diversity action.

[3] The statute reads, in relevant part:
     Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [b]y its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime . . . .
N.Y. Gen. Oblig. Law § 5-701(a)(1) (McKinney 2007).

to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought."[4]

The alleged agreement between BJP and Tiffany should be analyzed with reference to both statutes, because it is a distribution agreement of extended duration that necessarily contemplated the sale of goods worth more than $500.  Neither statute contains language suggesting that its drafters intended it to apply exclusive of other statutes.  See Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992) ("Redundancies across statutes are not unusual events in drafting, and so long as there is no positive repugnancy between two laws, a court must give effect to both." (citation and internal quotation marks omitted)).  The weight of case law also supports application of both statutes.  Although BJP contends that "New York courts" do not apply both statutes simultaneously because they do not have identical requirements (Pl.'s Br. 6.), it cites only two cases, both from federal district courts, in support of this view, Clarence

---

[4] It reads, in relevant part:
    Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.  A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.
N.Y. U.C.C. § 2-201(1) (McKinney 2007).

Beverage, Inc. v. BRL Hardy (USA), Inc., No. 99-CV-0256E(M), 2000
WL 210205, at *2 (W.D.N.Y. Feb. 8, 2000); Paper Corp. of the U.S.
v. Schoeller Technical Papers, Inc., 773 F. Supp. 632, 636
(S.D.N.Y. 1991).  But other opinions of district courts and the
state Appellate Division have applied both statutes to
distributors' claims of breaches of distribution contracts.
E.g., Multi-Juice, S.A. v. Snapple Beverage Corp., No. 02 Civ.
4635 (RPP), 2006 WL 1519981, at *10 (S.D.N.Y. June 1, 2006);
Huntington Dental & Med. Co. v. Minn. Mining & Mfg. Co., No. 95
Civ. 10959 (JFK), 1998 WL 60954, at *4 (S.D.N.Y. Feb. 13, 1998);
Sanyo Elec., Inc. v. Pinros & Gar Corp., 571 N.Y.S.2d 237, 238
(App. Div. 1991); United Beer Distrib. Co. v. Hiram Walker
(N.Y.), Inc., 557 N.Y.S.2d 336, 337-38 (App. Div. 1990); see also
United Magazine Co. v. Murdoch Magazines Distribution, Inc., 146
F. Supp. 2d 385, 404 (S.D.N.Y. 2001) (applying § 2-201 in the
alternative).[5]  The Court should afford significant weight to the
views of the Appellate Division in applying state laws.  See
Elliott Assocs., L.P. v. Banco de la Nacion, 194 F.3d 363, 370
(2d Cir. 1999) (stating that whereas district court

---

[5] Certain decisions have voided oral distribution agreements
under one of the statutes without discussing the possible application
of the other.  E.g., D & N Boening, Inc. v. Kirsch Beverages, Inc.,
472 N.E.2d 992, 993 (N.Y. 1984); Lake Erie Distribs., Inc. v. Martlet
Importing Co., 634 N.Y.S.2d 599, 602 (App. Div. 1995); Zimmer-
Masiello, Inc. v. Zimmer, Inc., 552 N.Y.S.2d 935, 938-39 (App. Div.
1990).  But these decisions do not explain whether the omitted statute
is inapplicable or whether it would merely constitute an unnecessary
alternative holding.  They thus provide no interpretive assistance in
deciding whether either statute fails to apply here.

interpretations of state law receive no deference, decisions of lower state courts are among "best indicators" of how state law should be interpreted).  This Court accepts the view of the Appellate Division that the alleged agreement here should be considered in light of both GOL § 5-701(a)(1) and UCC § 2-201.

The agreement is not barred by GOL § 5-701.  The facts alleged here are similar to those in <u>North Shore Bottling Co. v. C. Schmidt & Sons, Inc.</u>, 239 N.E.2d 189 (N.Y. 1968).  In that case, the parties entered into an oral contract for the plaintiff to be the exclusive Queens County distributor of the defendants' beer "'[f]or as long as Schmidt sold beer in the New York metropolitan area.'"  <u>North Shore</u>, 239 N.E.2d at 190.  The Court of Appeals held that the contract was not void under GOL § 5-701 because the parties "contemplated its possible termination by action -- unquestionably within the defendant's power to take at any time -- discontinuing its beer sales in the New York area." <u>Id.</u> at 191.  Similarly, Tiffany allegedly could have terminated the contract by discontinuing sales to India,[6] an event that could have occurred within one year.  Whether Tiffany was likely to select this option is irrelevant.  "As long as the agreement may be fairly and reasonably interpreted such that it may be

_____

[6] In its reply brief, Tiffany contends that BJP should be bound by an alleged statement in a pleading in the India action to the effect that the agreement was to last until the Hotel Oberoi lease expired.  (Def.'s Reply Br. 6-7.)  As noted above, at this stage the Court cannot consider documents filed in another court for the truth of the matters asserted therein.

performed within a year, the Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame." <u>Cron v. Hargro Fabrics, Inc.</u>, 694 N.E.2d 56, 58 (N.Y. 1998).

The agreement falls within the ambit of UCC § 2-201 because it is a contract for the sale of goods worth more than $500[7] and because the Complaint does not allege that there is a writing signed by Tiffany that proves the existence of the contract. However, BJP asserts that the agreement is excepted from the Statute of Frauds by the doctrine of part performance.  The UCC provides that "[a] contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable . . . with respect to goods for which payment has been made and accepted or which have been received and accepted."  N.Y. U.C.C. § 2-201(3)(c) (McKinney 2007); <u>see also</u> <u>id.</u> cmt. 2 ("'Partial performance' as a substitute for the required memorandum can validate the contract only for the goods which have been accepted or for which payment has been made and accepted.").  While the UCC does not specifically address the effect of a partial payment made toward the purchase of a single,

_____

[7] The Complaint alleges that BJP spent more than $1 million to comply with the contract's requirements.  (Compl. ¶ 8.)  Moreover, New York courts may apply § 2-201 to distributorship contracts that do not state a specific quantity of goods if the contracts "necessarily involved" the sale of goods worth more than $500.  <u>E.g.</u>, <u>Swerdloff v. Mobil Oil Corp.</u>, 427 N.Y.S.2d 266, 267 (App. Div. 1980) (applying § 2-201 to contract for gasoline dealership).

indivisible good, "'the weight of authority is clearly to the effect that such payment will render an indivisible oral contract enforceable, notwithstanding the Statute of Frauds.'"  Songbird Jet Ltd., Inc. v. Amax, Inc., 581 F. Supp. 912, 923 (S.D.N.Y. 1984) (quoting Thomaier v. Hoffman Chevrolet, Inc., 410 N.Y.S.2d 645, 648-49 (App. Div. 1978)).  The reasoning is that if the subject of a contract is an indivisible unit, even part performance under the contract tends to prove the existence of the entire contract.  See Starr v. Freeport Dodge, Inc., 282 N.Y.S.2d 58, 60-61 (Dist. Ct. 1967) (discussing this logic).

    The Court has found no decision from this state or circuit analogizing an exclusive distributorship contract to a sales contract for an indivisible good.  However, BJP urges the Court to follow the Third Circuit's decision in Stelwagon Manufacturing Co. v. Tarmac Roofing Systems, Inc., 63 F.3d 1267 (3d Cir. 1995).  The Stelwagon court held that an exclusive distributorship agreement should be treated as an indivisible unit for purposes of the Statute of Frauds because

> [a]ny other conclusion renders [the parties'] agreement meaningless.  If the contract was divisible by time or by shipments, [Defendant] would only have obligated itself to deal exclusively with [Plaintiff] so long as it chose to do so. . . . Once [Defendant] granted [Plaintiff] an exclusive distributor contract, albeit orally, and acted on it, that agreement could only be enforced as a whole or not at all.

Stelwagon, 63 F.3d at 1276-77.  But see United Magazine Co. v. Murdoch Magazines Distribution, Inc., 146 F. Supp. 2d 385, 405

(S.D.N.Y. 2001) ("§ 2-201(3)(c) cannot be used to establish a distributorship agreement.").

Whether the <u>Stelwagon</u> rule should apply here is a fact-intensive question that should not be resolved on a motion to dismiss. The Complaint alleges that the parties entered into an exclusive distribution contract (Compl. ¶ 5) and that both sides partially performed under that contract (<u>id.</u> ¶¶ 6-12). After discovery, BJP might be able to prove that the parties' performance demonstrates that a contract existed and that exclusivity was so central to the contract as to render it an indivisible unit. Accordingly, the breach of contract count should not be dismissed at this stage as void under the Statute of Frauds.


2.    <u>Essential Terms of the Contract</u>

Tiffany next argues that the Complaint is insufficient for failing to state the essential terms of the alleged contract. The sufficiency of a complaint is a procedural question that, in federal court, is governed not by New York law but by the Federal Rules of Civil Procedure. <u>Gasperini v. Ctr. for Humanities, Inc.</u>, 518 U.S. 415, 427 n.7 (1996); <u>Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.</u>, 163 F.3d 149, 150-51 (2d Cir. 1998). The Rules require the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a); <u>see also</u> <u>id.</u> 8(e). Given this liberal standard, "[t]o state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." <u>Harsco Corp. v. Segui</u>, 91 F.3d 337, 348 (2d Cir. 1996). BJP has alleged all four elements. (Compl. ¶ 5 (agreement); <u>id.</u> ¶¶ 8-12, 17 (performance); <u>id.</u> ¶ 13-15 (breach); <u>id.</u> ¶ 16 (damages).)

3.   <u>Collateral Estoppel</u>

Finally, Tiffany asserts that the breach of contract claim is precluded by the India action under the doctrine of collateral estoppel.[8]

"Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." <u>Evans v. Ottimo</u>, 469 F.3d 278, 281 (2d Cir. 2006). The India action does not satisfy this standard.

---

[8] As explained above, on a motion to dismiss this Court may consider documents filed in the India action only to establish the fact of that litigation, not for the truth of the matters asserted therein.

The Indian court's order dated June 30, 2005 does not treat the identical issue as the present action.  The June 30, 2005 order denied BJP's request for a temporary injunction prohibiting Tiffany from giving effect to its termination letter and a permanent injunction requiring Tiffany to specifically perform the contract.  (See Aff. of Jeffrey A. Mitchell, Ex. C, ¶¶ 1, 7.) The order hinged on the issue of specific performance: the Indian court noted that neither injunction could issue because specific performance was not a permissible remedy where damages could be awarded instead.  (Id. ¶¶ 8-9, 18-19.)  In this action, by contrast, specific performance is not an issue, because BJP's Complaint does not request that the contract be specifically performed.  Moreover, a decision to deny a preliminary injunction is generally not an appropriate basis for collateral estoppel of an action on the merits, particularly where the court denying the injunction had no opportunity to issue formal findings of fact, as here.  See Irish Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 644-45 (2d Cir. 1998).

By its order dated June 13, 2006, the Indian court refused to reconsider an earlier order dismissing BJP's action.  (Aff. of Jeffrey A. Mitchell, Ex. D, ¶¶ 1, 8.)  In support of its refusal, the court noted that "a substantive suit is already filed in the District Court of New York in the United States of America on 17-4-2006."  (Id. ¶ 7.)  The Indian court thus recognized that the

parties intended BJP's substantive claims to be adjudicated in this Court, not in India.  Given that understanding, BJP did not have a "full and fair opportunity" to litigate the issue in the India action.

## B.   Breach of Fiduciary Duty

The second count of the Complaint alleges that Tiffany breached a fiduciary duty to BJP.  To prevail on this claim under New York law, BJP must prove "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that the plaintiff suffered damages as a result of the breach."  S & K Sales Co. v. Nike, Inc., 816 F.2d 843, 847-48 (2d Cir. 1987).  A distributor enjoys a fiduciary relationship with a manufacturer where, inter alia, the manufacturer has a "position of dominance" over the distributor, the distributor invests time and money in the manufacturer's business, and the parties' contract obligates the distributor to reveal proprietary information to the manufacturer.  Zimmer-Masiello, Inc. v. Zimmer, Inc., 552 N.Y.S.2d 935, 937 (App. Div. 1990) (citing A.S. Rampell, Inc. v. Hyster Co., 144 N.E.2d 371 (N.Y. 1957)).  BJP has alleged all of these elements here.  (Compl. ¶¶ 7, 26 (dominance); id. ¶¶ 8-9, 12 (time and money); id. ¶ 27 (proprietary information), id. ¶¶ 14-15, 28 (breach); id. ¶¶ 14, 28 (knowing action); id. ¶¶ 16,

29 (damages).)   The Complaint thus states a claim for breach of
fiduciary duty.

**C.   Unfair Competition**

Count Three of the Complaint alleges that Tiffany engaged in
unfair competition against BJP.   Tiffany argues that the
Complaint does not adequately allege all the necessary elements
of unfair competition.

Under the notice-pleading standard of the Federal Rules of
Civil Procedure, a plaintiff need not allege detailed facts in
support of its claims, but only a "short and plain statement,"
Fed. R. Civ. P. 8(a), that gives "fair notice of what the
plaintiff's claim is and the grounds upon which it rests," Conley
v. Gibson, 355 U.S. 41, 47 (1957).   "Given the Federal Rules'
simplified standard for pleading, '[a] court may dismiss a
complaint only if it is clear that no relief could be granted
under any set of facts that could be proved consistent with the
allegations.'"   Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514
(2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73
(1984)) (alteration in original).   No particular words need
appear, so long as the Complaint contains allegations that
directly or inferentially support these and other material
elements of the claim.   Cohen v. Litt, 906 F. Supp. 957, 962
(S.D.N.Y. 1995).

"The essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another.  Central to this notion is some element of bad faith."  Saratoga Vichy Spring Co. v. Lehman, 625 F.2d 1037, 1044 (2d Cir. 1980) (citations omitted).  Although claims of unfair competition often allege the exploitation of trade secrets or proprietary information, see Eagle Comtronics, Inc. v. Pico Prods., Inc., 682 N.Y.S.2d 505, 506 (App. Div. 1998), they may also arise from acts of false advertising, trademark infringement, or "palming off," or indeed from any form of "'commercial immorality,'" LinkCo, Inc. v. Fujitsu Ltd., 230 F. Supp. 2d 492, 500 (S.D.N.Y. 2002) (quoting NBA v. Motorola, Inc., 105 F.3d 841, 851 (2d Cir. 1997)).

The Complaint contains allegations that directly or inferentially support the elements of unfair competition.  BJP alleges that it furnished Tiffany with confidential information about the Indian market (Compl. ¶ 27) and that Tiffany terminated its relationship with BJP, then concluded an agreement with a competitor of BJP's (id. ¶ 31).  BJP also alleges that it was damaged by these actions.  (Id. ¶ 33.)  A reasonable jury could infer from these facts that Tiffany misappropriated BJP's proprietary information, either for its own benefit or for the benefit of BJP's competitor.  Moreover, BJP alleges that Tiffany "improperly" terminated the parties' contract (id. ¶ 32), which

16

could support a conclusion that Tiffany acted in bad faith.

## D.   Deceptive Practices

BJP has elected to withdraw Count Four of the Complaint, which alleges deceptive practices in violation of New York General Business Law § 349, and Tiffany consents.  Count Four is dismissed.

## E.   Unjust Enrichment

In Count Five, BJP alleges that Tiffany was unjustly enriched at BJP's expense.  "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution."  Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 586 (2d Cir. 2006) (internal quotation marks omitted).  In support of its claim, BJP alleges that Tiffany benefitted at BJP's expense by virtue of BJP's expenditures on promoting Tiffany products (Compl. ¶ 38) and that Tiffany acted unjustly by terminating the parties' relationship and entering into a relationship with a BJP competitor (id. ¶ 39).[9]

---

[9] Because unjust enrichment is a quasi-contractual theory, a plaintiff may recover for unjust enrichment only if no valid contract existed between the parties.  Goldman v. Metro. Life Ins. Co., 841 N.E.2d 742, 746 (N.Y. 2005).  Although BJP has alleged that it had an enforceable oral contract with Tiffany, it is entitled to plead

Tiffany argues that the count should be dismissed because BJP claims neither that it was inadequately compensated during the term of the parties' alleged contract nor that Tiffany benefitted after the contract was terminated.  This argument disregards BJP's allegation that it spent money generating brand awareness of Tiffany in India (id. ¶ 38), an expenditure from which Tiffany might have continued to benefit past the date of the termination letter.  Moreover, although Tiffany may at a later stage argue that the compensation paid to BJP satisfies the demands of "equity and good conscience," BJP has adequately pled the elements of unjust enrichment so as to survive a motion to dismiss.


**F.   Promissory Estoppel**

Count Six states a claim of promissory estoppel.  In New York, promissory estoppel has three elements: (1) an unambiguous promise; (2) reasonable and foreseeable reliance on the promise; and (3) injury as a result of the reliance.  Kaye v. Grossman, 202 F.3d 611, 615 (2d Cir. 2000).  BJP has alleged these elements.  (Compl. ¶¶ 41-44.)

Tiffany first argues that the count should be dismissed because BJP did not suffer an "unconscionable" injury.  As Tiffany acknowledges, New York courts require a showing of

---

contradictory alternate theories.  Fed. R. Civ. P. 8(e)(2).

unconscionable injury only where promissory estoppel is invoked as a defense to the Statute of Frauds.  See Pearce v. Manhattan Ensemble Theater, Inc., No. 06 Civ. 1535 (KMW), 2007 U.S. Dist. LEXIS 16487, at *15-16 (S.D.N.Y. Mar. 6, 2007) (Wood, J.) (citing cases).  Here, by contrast, the Complaint alleges that Tiffany made promises to BJP on which it relied to its detriment.  BJP has not invoked promissory estoppel as a defense to the Statute of Frauds, which the Court has already held cannot be used to void the alleged agreement at this stage.  Accordingly, the promissory estoppel claim should not be dismissed for failure to allege unconscionable injury.

Nor should the count be dismissed because of any supposed factual conclusions drawn by the Indian court in the India action.  As explained above, the India action has no collateral estoppel effect on this suit.  Furthermore, as noted above, on a motion to dismiss, the Court may not consider documents from the India action for the truth of the matters asserted therein.

**G.   Accounting**

The final count of the Complaint demands an accounting of any profits wrongfully derived by Tiffany from its alleged breach of the parties' agreement.  Under New York law, to sustain an action for an accounting a plaintiff must establish four elements: "(1) relations of a mutual and confidential nature; (2)

money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal." Dayan Enters., Corp. v. Nautica Apparel, Inc., No. 03 Civ. 5706 (LLS), 2003 WL 22832706, at *1 (S.D.N.Y. Nov. 26, 2003) (internal quotation marks omitted). Although Tiffany argues that it had no fiduciary or confidential relationship with BJP, the Court has already declined to dismiss BJP's breach of fiduciary duty claim. BJP may therefore present evidence of a confidential relationship between the parties.

## CONCLUSION

For the reasons stated above, the motion to dismiss is GRANTED with respect to Count Four and DENIED with respect to Counts One, Two, Three, Five, Six, and Seven.

SO ORDERED.
Dated:    New York, New York
          March 21, 2007

_____
Kimba M. Wood
United States District Judge

20